UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20753-CIV-SEITZ/SIMONTON

GV SALES GROUP, INC.,

    Plaintiff,

vs.

APPAREL LTD., LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO REPLEAD

THIS MATTER came before the Court upon Defendant's Motion to Dismiss the Complaint. [DE 13]. Pursuant to an oral agreement, Plaintiff, GV Sales Group, Inc., hired Defendant, Apparel Ltd., LLC, to work as an independent sales representative in the exclusive territory of Florida, Puerto Rico, the Bahamas, and other Caribbean islands. Several years later, when Defendant terminated it, Plaintiff sued Defendant asserting a claim under a Puerto Rico law that prohibits termination of sales representation contracts without just cause (Count I) and a breach of contract claim to recover commissions due (Count II).

Upon review of the Motion to Dismiss, Plaintiff's response [DE 14], and the reply [DE 18], the Court will grant the Motion. The Court must apply Florida's choice of law rules, which provide that the law of the place where the contract was made governs the parties' dispute concerning the contract. Because Plaintiff has not pled where the contract was made, the Court will dismiss the Complaint with leave to replead to allege this information. Moreover, without an allegation as to

1

where the contract was made, the Court cannot address Defendant's argument that Florida's Statute of Frauds bars Plaintiff's breach of contract claim.

## I. BACKGROUND[1]

This dispute arises out of a sales representation contract between Plaintiff, a Florida corporation, and Defendant, a California limited liability company. In 2007, Defendant hired Plaintiff, who sells and markets girls and ladies apparel, to work as Defendant's exclusive independent sales representative to market and sell junior girls apparel with the recently licensed brand name DICKIES in Florida, Puerto Rico, the Bahamas, and other Caribbean islands ("Plaintiff's territory"). The parties oral agreement was for an indefinite period of time. Plaintiff maintains that Defendant hired it to generate new business for Defendant because it had no existing licensed business when it acquired the DICKIES junior girls label. The parties' agreement required Defendant to pay Plaintiff a variable commission of between two and five percent of the net-shipped value of all apparel sold to retail stores with buying offices in Plaintiff's territory. Defendant was to pay commissions to Plaintiff in the month following the shipment of goods to a retail store, with standard chargebacks for bad accounts and markdowns.[2]

In 2011, the parties' relationship apparently soured because Defendant sent an email to all of Plaintiff's retail store accounts notifying them that Plaintiff had been terminated as Defendant's independent sales representative. Plaintiff maintains that at the time of its termination, it had

---

[1] Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE 1] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

[2] Plaintiff alleges that by 2010, its sales of DICKIES branded junior girls products exceeded $1.7 million, for which Plaintiff earned over $80,000 in commissions. Plaintiff contends that the sales were divided equally between retail store accounts in Florida and Puerto Rico. [DE 1 at ¶ 10].

$250,000 worth of open, unshipped orders for Defendant's DICKIES branded apparel, which would have amounted to approximately $8,000 in commissions.

Asserting diversity jurisdiction, Plaintiff sued Defendant in this Court and alleged in Count I that Defendant violated Puerto Rico law by terminating the sales representation contract without "just cause." In Count II, Plaintiff claims that Defendant breached the parties' contract and that it is entitled to recover compensatory damages in the form of lost commissions that exceed $8,000.

In its motion to dismiss, Defendant maintains that Count I should be dismissed because Puerto Rico law does not apply to the parties' dispute, rather Florida law governs terminations. Likewise, Plaintiff's breach of contract claim must be dismissed because of Florida's Statute of Frauds. Plaintiff opposes the Motion and insists that Puerto Rico law applies due to a choice of law provision in Puerto Rico's Law 21.

## II. DISCUSSION

### A. Legal Standard

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted" tests the sufficiency of the allegations in the complaint. FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Iqbal*, 129 S.Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Twombly*, 550 U.S. at 555)).

### *B. Analysis*

Plaintiff relies on diversity of citizenship to invoke the Court's jurisdiction. [DE 1 at ¶ 4]. A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Florida has traditionally applied the lex loci contractus rule for choice of law determinations regarding issues of contract law." *Trumpet Vine Investments, N.V. v. Union Capital Partners, Inc.*, 92 F.3d 1110, 1119 (11th Cir. 1996). Under this rule, the governing law concerning the validity and substantive obligations of contracts is the law of the place where the contract was made. *Id*. "A contract is made where the last act necessary to complete the contract is performed." *Id.*

Here, the Complaint is devoid of any allegation as to where the parties entered into this oral contract. Plaintiff does not address this fact and instead simply insists that Puerto Rico law applies, at least with respect to the portion of the contract that concerns sales in Puerto Rico. In Plaintiff's opposition to the motion to dismiss, it maintains that Puerto Rico's Law 21 statutory choice of law provision applies instead of Florida's choice of law rules for two reasons. First, Plaintiff asserts that Count I is a statutory cause of action for "wrongful termination" under Law 21 and, therefore, does not concern the validity, execution, interpretation, or obligations under the parties' contract. As such, *lex loci contractus* does not govern. Second, Plaintiff contends that the choice of law provision set forth in Law 21 trumps Florida's common law rules governing choice of law. [DE 14 at 6-10].

Plaintiff's contention that Count I does not concern the parties' contractual obligations and

4

instead merely constitutes a statutory "wrongful termination" claim is not supported by either Plaintiff's Complaint or Law 21. The Complaint clearly alleges that Plaintiff is suing Defendant for terminating the contract without just cause. [DE 1 at ¶¶ 17, 18]. Thus, the Plaintiff's cause of action clearly arises out of the contract as a just cause determination necessarily requires an adjudication of the parties' obligations under the terms of the contract. In fact, Law 21 defines just cause to include "*noncompliance of any of the essential obligations of the sales representation contract by the sales representative*, or any act or omission on his/her part that may adversely and substantially affect the interests of the principal or grantor in the development of the market or the sale of merchandise or services . . ." P.R. Laws Ann. tit. 10, § 279(d) (emphasis added). Thus, Count I is a cause of action pursuant to contract law.

Moreover, Plaintiff's argument that Law 21's choice of law provision[3] trumps Florida's choice of law rules is not supported by binding legal authority. Plaintiff contends that common law choice of law provisions are trumped in two circumstances, either where the parties' have a contractual agreement on choice of law or where choice of law provisions are contained in local statutes or regulations. [DE 14 at 6-7]. Here, the Complaint does not allege that the parties agreed that Puerto Rico law governs their agreement. Instead, Plaintiff relies on the Restatement (Second) Conflicts and a number of cases that it claims stand for the proposition that a statutory choice of law provision trumps the forum state's common law rules concerning choice of law. [DE 14 at 7].

---

[3] If Plaintiff is correct, the place where the contract was made is irrelevant because Puerto Rico's Sales Representatives Act of 1990 ("Law 21"), P.R. Laws Ann. tit. 10, § 279f (2009), states that "sales representation contracts . . . shall be governed by the laws of the Commonwealth of Puerto Rico, and any stipulation to the contrary shall be null."

However, Plaintiff has misread the Restatement and the cases cited in its brief. The Restatement[4] and the cases reflect that where there is a statute *in the forum state* that contains a relevant choice of law provision, the Court should apply that provision instead of the forum state's common law choice of law rules. Notwithstanding the Restatement language, Plaintiff wants the Court to apply a choice of law provision contained in a Puerto Rico statute, not a Florida law.

Going further, Plaintiff argues that a similar choice of law provision in an analogous Puerto Rico law – "Law 75" – has been found to trump contractual choice of law provisions. [DE 14 at 9-10]. However, unlike the cases Plaintiff cited, the instant case does not involve a contractual choice of law provision. Here, the Court must follow *Klaxon Co.* and its progeny and apply Florida choice of law rules, which require that the law of the place where the contract was made is what governs disputes arising out of the parties' contract. Thus, the Court will grant the motion to dismiss, but give Plaintiff leave to amend its Complaint to plead where the parties made their agreement. Until Plaintiff repleads, the Court cannot reach the second issue Defendant raises in its Motion to Dismiss as to whether Florida's Statute of Frauds bars Plaintiff's breach of contract claims.

Finally, to the extent Law 21 does not apply because the parties' agreement was not made in Puerto Rico, the parties will need to address whether the Court has subject matter jurisdiction over Plaintiff's claims. As currently pled, it appears that without a Law 21 claim, Plaintiff's damages are

---

[4]Section 6(1) of the Restatement (Second) Conflicts states that "[a] court, subject to constitutional restrictions, will follow *a statutory directive of its own state* on choice of law. (emphasis added). Section 188(1) provides that "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6." However, the "significant relationship" test referenced has been rejected by the Eleventh Circuit in determining the applicable law in contract disputes; the test is used only for tort claims. *See Trumpet Vine Investments, N.V.*, 92 F.3d at 1115-1116.

less than $8,000 in lost commissions, [DE 1 at ¶ 12],[5] well below the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, upon review, it is

ORDERED THAT

(1) Defendant's Motion to Dismiss is GRANTED. [DE 13].

(2) Plaintiff shall file an Amended Complaint no later than **September 19, 2012.**

DONE AND ORDERED in Miami, Florida this 4th day of September, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  Honorable Andrea M. Simonton
All Counsel of Record

---

[5]Plaintiff states in its opposition to Defendant's Motion to Dismiss that since the Complaint was filed, Defendant has paid a portion of the $8,000 in commissions Plaintiff claims it is owed. [DE 14 at fn. 3].